UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CLARENCE FOWLER IV, | ) | CASE NO. 4:18-cv-0631 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| GOVERNOR JOHN KASICH, et al., | ) | |
| | ) | |
| DEFENDANTS. | ) | |
| | ) | |

**Introduction**

*Pro se* plaintiff Clarence Fowler IV, a state prisoner incarcerated in the Northeast Ohio Correctional Institution, has filed an *in forma pauperis* civil rights complaint in this matter against numerous defendants, including Governor John Kasich, the Director of the Ohio Department of Rehabilitation and Correction Gary Mohr, and individuals who appear to have had some involvement in his state criminal case, including Ohio Attorney General Mike DeWine, Marianne T. Hemmeter, Chad A. Heald, Christopher Soon, Amelia Bean De Flumer, Judge W. Duncan Whitney, Jeramy Dodigon, and Kara Clark. (Doc. No. 1.) His complaint is written in a virtually incomprehensible stream-of-consciousness format and does not set forth allegations or legal claims that are reasonably intelligible to the Court. The plaintiff alleges "each defendant works under color of state law yet outside the scope the[ir] jobs to violate the [plaintiff's] constitutional rights

and commit crimes" (*id*. at 5[1]), but he does not set forth cogent factual, or other comprehensible, allegations suggesting what each of the defendants did to violate his rights. Instead, he sets forth a numbered list of purely conclusory, unclear, and unexplained grievances and complaints, including: (1) "deliber[ate indifference"; (2) "denial of fair access to court"; (3) "denial of due process & for racial profiling" (4) "judicial misconduct"; (5) "ineffective [assistance] of counsel"; (6) "obstructing the business of the court & justice"; (7) "by a pattern of practices"; (8) "organized crime"; (9) "racketeering and racist intent"; (10) "conspiracy"; (11) "complicity"; (12) "[w]rongfully restrain[in]g of the plaintiff's liberty"; (13) "over over [sic] crowded prison system"; (14) "causing stress and pressure / also fighting & deaths"; (15) "with a delibe[ra]t[e] known risk of harm"; (16) "failur[e] to abate"; (17) "[w]rongfully restraining of my liberty"; and (18 ) "cruel and unusual punishment." (*Id*. at 5-6.)

Plaintiff also appears to contend he received "ineffective assistance of counsel" (*id*. at 6) and "improper medical treatment" (*id*. at 7) during the course of a criminal trial. He seeks unclear injunctive relief and damages.

## Standard of Review

When a plaintiff is proceeding without the assistance of counsel, a court is required to construe his complaint indulgently and hold it to a less stringent standard than a formal pleading drafted by a lawyer. *See Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). Nonetheless, even *pro se* plaintiffs must satisfy basic pleading requirements, and the liberal construction afforded *pro se* pleadings

---

[1] All page number references are to the page identification number generated by the Court's electronic docketing system.

"does not require a court to conjure allegations on a litigant's behalf." *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). Federal district courts are expressly required, under 28 U.S.C. § 1915(e)(2)(B), to screen all *in forma pauperis* complaints filed in federal court, and to dismiss before service any such complaint that the court determines is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).

In order to state a claim upon which relief may be granted, a complaint must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id*. at 471 (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) governs dismissals for failure to state a claim under § 1915(e)(2)(B)). The "allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In addition, the complaint must set forth allegations sufficient to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93, 127 S. Ct. 2197, 167 L. E. 2d 1081 (2007) (internal quotation marks and citations omitted; alteration in original).

## Discussion

Even according the plaintiff's complaint the latitude to which a *pro se* pleading is entitled, it fails to meet basic pleading requirements and must be dismissed for failure to state a claim under § 1915(e)(2)(B). The rambling, vague, and conclusory assertions set forth in the plaintiff's pleading are simply insufficient to suggest any plausible civil rights claim against any defendant in this case. *See Lillard v. Shelby Cty. Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996) (a court is

not required to accept summary allegations or unwarranted conclusions in determining whether a complaint states a claim for relief).

Where, as here, individuals are merely named as defendants in a civil rights action without supporting allegations of specific conduct in the body of the complaint, the complaint is subject to dismissal even under the liberal construction afforded to *pro se* plaintiffs. *See Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) ("Merely listing names in the caption of the complaint and alleging constitutional violations in the body of the complaint is not enough to sustain recovery under § 1983.") (citation omitted); *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (affirming dismissal of claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of federal rights). Moreover, supervisory government officials and employees cannot be held liable for constitutional rights violations committed by subordinates solely on the basis of *respondeat superior*. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). And judges, prosecutors, and defense lawyers are immune from damages actions, or cannot be sued for rights violations allegedly occurring during the performance of their official duties in criminal cases. *See Ireland v. Tunis*, 113 F.3d 1435, 1440 (6th Cir. 1997) (discussing judicial and prosecutorial immunity); *Polk Cty. v. Dodson*, 454 U.S. 312, 325, 102 S. Ct. 445, 70 L. Ed. 2d 509 (1981) (lawyer does not act under color of law when performing traditional functions as counsel to a defendant in a criminal case).

## Conclusion

The plaintiff's complaint fails to state any plausible claim on which he may be granted relief and is, accordingly, dismissed pursuant 28 U.S.C. § 1915(e)(2)(B). The Court further

certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

Dated: July 6, 2018

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**